# Arnold & Porter

**John A. Freedman**
+1 202.942.5316 Direct
John.Freedman@arnoldporter.com

January 6, 2022

**BY ECF**

The Honorable Lydia Kay Griggsby, U.S.D.J.
101 West Lombard Street
Chambers 5C
Baltimore, MD 21201

> Re:  *Baltimore Country Branch of the National Association for the Advancement of Colored People, et al. v. Baltimore County, et al.*, Civil Action No. LKG-21-03232

Dear Judge Griggsby:

We represent the Plaintiffs in the above-referenced action.  In accordance with paragraph II.A.1 & 2 of the December 28, 2021, Case Management Order (ECF No. 5), we write to provide a Notice of Intention to file a Motion for Preliminary Injunction and to request a Pre-Motion Conference as soon as practicable.

This action, filed by Black citizens of Baltimore County and organizations promoting civil rights and election fairness, challenges as racially discriminatory and unlawful Bill 103-21 enacted by the Baltimore County Council setting the lines for County Councilmember districts.  If allowed to take effect, Bill 103-21 will abridge and dilute the rights of Black voters and candidates in violation of Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301.

Plaintiffs seek to file a Motion for Preliminary Injunction to enjoin Baltimore County from holding elections under the unlawful Bill 103-21.  While the population of Baltimore County has become considerably more diverse since 2000 (with total minority population growing to 47 percent of the County and Black population growing to 30 percent of the County), the County Council's Bill 103-21 provides that five of the seven County Council districts will have a majority of white voters, with a sixth County Council district comprising 49.4 percent white voters and only 28 percent Black voters.  Bill 103-21 achieves this result by packing Black residents into a single district such that Black voters constitute 72 percent of the voting age population of District 4, and splitting numerous Black communities, such that Black voters make up not even 30 percent of the population of any other district.  Through packing an excessively high Black population into the County's one majority-Black district while also cracking politically cohesive Black communities into other Council districts, the Defendants have diluted the voting influence of all Black voters in violation of the Voting Rights Act.

# Arnold&Porter

In other words, instead of affording Black voters election opportunities commensurate with their significant share of the population, Bill 103-21 perpetuates Baltimore County's long and disgraceful history of race discrimination.  The legacy of this history persists in pervasive segregation and unequal access to education, employment, and housing, and has gone hand in hand with Baltimore County's exclusion of Black residents from participating fully in electoral politics.  No Black official has ever been elected to countywide office.  No Black official had been elected to the County Council before 2002, when the Council's first majority-Black district was created; since then, there has never been more than one Black councilmember at a time.

Section 2 of the Voting Rights Act prohibits the use of voting practices that are purposefully discriminatory, as well as those that "result" in discrimination.  *Thornburg v. Gingles*, 478 U.S. 30, 35 (1986).  In *Gingles*, the Supreme Court held that to establish a violation of the "results" standard of Section 2, plaintiffs must show: (1) the minority group is sufficiently large and geographically compact to constitute a majority in one or more single member districts; (2) the minority is politically cohesive, i.e., tends to vote as a bloc; and, (3) the majority also votes as a bloc, "usually to defeat the minority's preferred candidate."  Here, Plaintiffs will present, among other evidence, detailed expert reports that demonstrate how each of the *Gingles* factors is satisfied.

This motion is not a surprise to the Defendants, as Plaintiffs and their counsel repeatedly warned the County Council during the redistricting process that their proposed maps violated Section 2 of the Voting Rights Act.  Throughout the redistricting process, Plaintiffs provided legal analysis and testified at public hearings to explain how the proposed redistricting plan would dilute the Black vote in Baltimore County.  Indeed, Plaintiffs submitted five alternative maps that would keep council districts geographically compact, equipopulous, representative, *and* in compliance with the Voting Rights Act.  All of Plaintiffs' efforts—including the legal analysis, testimony, and alternative maps—were met with indifference by the Council.  In addition, shortly after Plaintiffs filed suit on December 21, counsel for Plaintiffs provided a copy of the complaint to the County Attorney and informed him that Plaintiffs planned to file for a preliminary injunction in early January.

Serious time exigencies surround the fair and timely resolution of this case, including the provisions of Maryland's election law that set deadlines applicable to the upcoming set of elections in Baltimore County to be conducted using the electoral map that is the subject of this action.  Md. Election Law Code Ann. § 5-303(a)(1) establishes a deadline of February 22, 2022, for candidate registration, and § 8-201(a) establishes the date of the primary election as June 28, 2022.  If Plaintiffs prevail in this motion, new maps will need to be drawn, and candidates will need to register in the newly drawn districts.  Accordingly, Plaintiffs filed the Complaint one day after the Baltimore County Council

enacted Bill 103-21 and expect to seek injunctive relief promptly once the Pre-Motion Conference has been conducted.

The parties have met and conferred to discuss whether the matter at issue can be resolved without a motion. Those efforts were unsuccessful.

In accordance with the December 28, 2021, Case Management Order, Plaintiffs request the Court to schedule a Pre-Motion Conference at the Court's earliest convenience.

We appreciate the Court's attention to this matter.

Respectfully submitted,

/s/ *Deborah A. Jeon*
Deborah A. Jeon (Bar #06905)
AMERICAN CIVIL LIBERTIES UNION
OF MARYLAND
3600 Clipper Mill Road Suite 350
Baltimore, MD 21211
(410) 889-8555

/s/ *John A. Freedman*
John A. Freedman (Bar #20276)
Mark D. Colley (Bar #16281)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, N.W.
Washington, D.C. 20001
(202) 942-5000

/s/ *Andrew D. Freeman*
Andrew D. Freeman (Bar #03867)
BROWN GOLDSTEIN & LEVY LLP
120 E. Baltimore Street, Suite 2500
Baltimore, MD 21202-6701
 (410) 962-1030

Michael Mazzullo (pro hac vice forthcoming)
ARNOLD & PORTER KAYE SCHOLER LLP
250 W. 55th Street
New York, NY 10019
(212) 836-8000

Cc:     James R. Benjamin, Jr., Esq., Ava Lias-Booker, Esq., and Melissa O. Martinez, Esq., on behalf of Defendants Baltimore County, Maryland; Julian E. Jones, Jr.; Tom Quirk; Izzy Patoka; Wade Kach; David Marks; Cathy Bevins; Todd K. Crandell (via email)

Andrew G. Bailey, Esq, on behalf of Defendant Baltimore County Board of Elections (via email)