**McGuireWoods LLP**
500 East Pratt Street
Suite 1000
Baltimore MD 21202
Phone: 410.659.4400
Fax: 410.659.4599
www.mcguirewoods.com

**Ava E. Lias-Booker**
Direct: 410.659.4430

# McGUIREWOODS

alias-booker@mcguirewoods.com

January 14, 2022

**VIA CM/ECF**
The Honorable Lydia Kay Griggsby, U.S.D.J.
U.S. District Court for the District of Maryland
101 West Lombard Street
Chambers 5C
Baltimore, MD 21201

> **Re:** ***Baltimore County Branch of the National Association for the Advancement of Colored People, et al. v. Baltimore County, et al.*,**
> **Civil Action No. 1:21-cv-03232-LKG**

Dear Judge Griggsby:

On behalf of Defendants Baltimore County, Maryland ("Baltimore County") and the individual County Council Members, Julian E. Jones, Jr., Tom Quirk, Izzy Patoka, Wade Kach, David Marks, Cathy Bevins, and Todd K. Crandell ("Council Members") (together, "Defendants") in the above-referenced action and pursuant to this Court's Case Management Order, we write to provide the Court notice of Defendants' intention to file a Motion to Dismiss seeking dismissal of the Council Members from this action.

Plaintiffs accuse Baltimore County, the Council Members, and the Baltimore County Board of Elections of violating the Voting Rights Act by enacting Bill 103-21. While alleging vote dilution in conclusory fashion, Plaintiffs ignore the fact that the bill preserves the majority-Black district and the essence of the redistricting plan originally proposed by plaintiff the NAACP (along with the ACLU) and adopted by the Baltimore County Council in 2001. They also overlook the legitimate, non-discriminatory bases for the bill's redistricting plan, including the risks that alternative plans pose to minority voter representation and their ability to elect representatives of their choice. Defendants thus strongly disagree with the Complaint's allegations of vote dilution and will address the constitutional merits of the County's redistricting plan on the merits.

Plaintiffs also have named unnecessarily individual County Council Members in this case. The Council Members should be dismissed.

At the outset, the claims against the Council Members, which are made only in their official capacities, are entirely duplicative of the claims against Baltimore County. An official-capacity suit against the members of the Baltimore County Council is, in all but name, a suit against Baltimore County itself. *See Ruttenberg v. Jones*, 603 F. Supp. 2d 844, 872 (E.D. Va. 2009), *aff'd*, 375 F. App'x 298 (4th Cir. 2010); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C.

Hon. Lydia Kay Griggsby
January 14, 2022
Page 2

long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). The official-capacity claims against the Council Members are thus duplicative of the claims against the County and should be dismissed. *See id.*; *see also Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative.").

Confronted with similarly duplicative claims against Baltimore County and its Executive and Council Members, Judge Hollander dismissed the official-capacity claims against the Executive and Council, explaining that naming "the County Council, in addition to the Council, is to dress the Complaint in suspenders as well as a belt." *Johnson v. Baltimore Cty., Md.*, No. 11-cv-3616, 2012 WL 2577783, at *6 (D. Md. July 3, 2012); *see also Pathways Psychosocial v. Town of Leonardtown, MD*, 133 F. Supp. 2d 772, 780 (D. Md. 2001) (Chasanow, J.) ("[T]he civil rights claims as to each person in his or her official capacity shall be dismissed because these claims essentially merge into the claims brought against the municipality."). The suspenders are unnecessary. The Baltimore County Charter specifically states that "Baltimore County as it now exists constitutes a body corporate and politic." Charter, § 101. "The corporate name shall be 'Baltimore County, Maryland,' and it shall thus be designated in all actions and proceedings touching its rights, powers, liabilities and duties." *Id.*, § 103. Consequently, the relief Plaintiffs seek can be obtained directly from the County, which has the capacity to sue and be sued, and is already a named Defendant.

The Northern District of Alabama took exactly this view in a Voting Rights Act case where the plaintiffs named not just the city but also its mayor and council members (in their official capacities) as defendants. *Ala. State Conf. of NAACP v. City of Pleasant Grove*, 372 F. Supp. 3d 1333, 1337-38 (N.D. Ala. 2019). There, as here, the complaint alleged the same violations against and sought the same relief from all the defendants. *Id.* at 1339. That relief could "be accomplished by allowing [the] claims against" the city alone "to go forward." *Id.* Keeping the individual defendants in the case in their official capacities was, as a result, "needlessly redundant." *Id.*; *see also Whitest v. Crisp Cty., Ga. Bd. Of Educ.*, No. 1:17-cv-109, 2020 WL 12656251, at *1 (M.D. Ga. Aug. 31, 2020) ("The Court can afford Plaintiffs their requested relief regardless of whether [the individual defendant] remains in this action.").

Keeping the Council Members in the case will only add unnecessary motions practice, complexity and confusion. The Court can, and should, dismiss the official-capacity claims against the Council Members.

Dismissal should be with prejudice because any amendment would be futile. Dismissal of the official-capacity claims, would not permit suit against the Council Members in their personal or individual capacities. Indeed, the Complaint, as currently pled, by singling out different Council Members' conduct during the Council's deliberative process, indicates that Plaintiffs' claims are individually-focused against the Council Members. *See, e.g.,* Compl. ¶ 30 (chiding Council Chairman Julian Jones' allegedly "circular" and "erroneous" reasoning for supporting Bill 103-21). But there is no dispute that, if named in their personal capacities, the Council Members would be entitled to absolute legislative immunity for their legislative actions of deliberating and voting

Hon. Lydia Kay Griggsby
January 14, 2022
Page 3

on the bill.   *See Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) ("[L]ocal legislators are . . . absolutely immune from suit under § 1983 for their legislative activities."); *Roberson v. Mullins*, 29 F.3d 132, 134 (4th Cir. 1994) ("Members of local governmental bodies are entitled to absolute legislative immunity from claims against them arising out of their actions in a 'legislative capacity.'"); *Robinson v. Bd. of Cty. Commrs for Queen Anne's Cty., MD*, No. CIV.A.RDB-07-1903, 2008 WL 2484936 (D. Md. June 19, 2008) (dismissing personal-capacity claims against members of the Board of Commissioners based on legislative immunity, "[b]ecause they made solely legislative decisions, the Commissioners are subject to absolute legislative immunity in their personal capacities.").[1]

For these reasons, Defendants intend to move to dismiss the individual Council Members from this action.  The parties have met and conferred to discuss whether the matter at issue can be resolved without a motion.  Those efforts were so far unsuccessful.

In accordance with the December 28, 2021, Case Management Order, Defendants respectfully request that the Court address their proposed Motion to Dismiss at the Pre-Motion Conference scheduled for January 19, 2022.

We appreciate the Court's attention to this matter.

Respectfully submitted,

Ava E. Lias-Booker (Fed. Bar No. 05022)

cc:     James R. Benjamin, Jr., Esq.
        Kathryn M. Barber, Esq.
        Deborah A. Jeon, Esq.
        John A. Freedman, Esq.
        Mark D. Colley, Esq.
        Andrew D. Freeman, Esq.
        Michael Mazzullo, Esq.

---

[1] The Court did retain the official-capacity claims against those defendants.  *Id.* at *8.  In that action, however, the County was not named as a defendant, and it does not appear that the issue of the duplicative official-capacity claims was raised as a basis for dismissal, nor was that issue addressed by the court.