IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| BALTIMORE COUNTY BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BALTIMORE COUNTY, MARYLAND, *et al.*,<br><br>Defendants. | Civil Action No. 1:21-cv-03232-LKG |

**DEFENDANT BALTIMORE COUNTY, MARYLAND'S
ANSWER AND AFFIRMATIVE DEFENSES TO
<u>PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>**

Defendant Baltimore County, Maryland ("Baltimore County"), by its undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to the Complaint for Declaratory and Injunctive Relief ("Complaint") filed by Plaintiffs Baltimore County Branch of the National Association for the Advancement of Colored People, League of Women Voters of Baltimore County, Common Cause of Maryland, Charles Sydnor, Anthony Fugett, Dana Vickers Shelley, Danita Tolson, Sharon Blake, Gerald Morrison, and Niesha McCoy ("Plaintiffs"), as follows:

<u>**ANSWER**</u>

Defendant answers the allegations in each of the like-numbered paragraphs of the Complaint as follows:

## NATURE OF THE CASE

1. The allegations set forth in Paragraph 1 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in this paragraph.

2. With respect to the allegations set forth in Paragraph 2, Defendant admits only that no Black candidate has ever run for countywide office, that the first Black candidate ran for County Council and won in 2002, and that Black candidates have won seats in the County Council each time they have run. The remaining allegations in Paragraph 2 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in this paragraph as stated.

3. Defendant denies the allegations set forth in Paragraph 3 as stated.

4. The allegations set forth in Paragraph 4 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations as stated.

5. The allegations set forth in Paragraph 5 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations as stated.

6. The allegations set forth in Paragraph 6 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in this paragraph.

7. Defendant denies that Plaintiffs are entitled to any relief, including the relief sought in this paragraph.

**JURISDICTION AND VENUE**

8. The allegations set forth in Paragraph 8 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in this paragraph.

9. The allegations set forth in Paragraph 9 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in this paragraph.

**PARTIES**

10. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 and therefore denies them.

11. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and therefore denies them.

12. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and therefore denies them.

13. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and therefore denies them.

14. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 and therefore denies them.

15. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 and therefore denies them.

16. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and therefore denies them.

17. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 and therefore denies them.

18. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and therefore denies them.

19. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 and therefore denies them.

20. The allegations set forth in Paragraph 20 are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits the allegations set forth in this paragraph.

21. The allegations set forth in Paragraph 21 are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits the allegations set forth in this paragraph.

22. The allegations set forth in Paragraph 22 are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits the allegations set forth in this paragraph.

## FACTS GIVING RISE TO THIS ACTION

### Demographics and Population of Baltimore County

23. The allegations set forth in Paragraph 23 refer to the contents of a publicly available website, the contents of which speak for themselves. Defendant denies the allegations to the extent they misstate or mischaracterize those contents.

24. The allegations set forth in Paragraph 24 refer to the contents of a publicly available website, the contents of which speak for themselves. Defendant denies all allegations that are inconsistent with or mischaracterize those contents.

25. Defendant admits only that Baltimore County is divided into seven single-member districts, each electing one member to the County Council. Defendant denies the remaining allegations set forth in Paragraph 25 as stated.

26. Defendant admits that District 4 was created as a majority-Black district according to a plan proposed by Plaintiff the National Association for the Advancement of Colored People, following which a Black councilmember was consistently elected to the District 4 seat on the Council when none had been elected before. Defendant further admits that Julian Jones is the current District 4 councilmember and that no other Black candidate has run for any other district on the Council.

## The 2021 Redistricting Plan

27. Defendant admits that the County Charter was amended in 2002. The remaining allegations set forth in Paragraph 27 are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that redistricting is required every ten years following the decennial census and that Council has the authority to decide the redistricting plan, and denies the remaining allegations of Paragraph 27 as stated.

28. Defendant admits the allegations set forth in Paragraph 28.

29. The allegations set forth in Paragraph 29 refer to the contents of a video recording, which speak for themselves. Defendant denies all allegations that are inconsistent with or mischaracterize those contents, and otherwise denies the allegations set forth in Paragraph 29.

30. The allegations set forth in Paragraph 30 refer to the contents of a video recording, which speak for themselves. Defendant denies all allegations that are inconsistent

with or mischaracterize those contents, and otherwise denies the allegations set forth in Paragraph 30.

31. Defendant denies the allegations set forth in Paragraph 31.

32. Defendant admits that the Council received multiple submissions from Plaintiffs in this action, the contents of which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 32.

33. Defendant admits that the Redistricting Commission submitted a proposed redistricting plan to the Council, the contents of which speak for themselves. Defendant otherwise denies the allegations set forth in Paragraph 33.

34. Defendant admits that the Council received multiple submissions from Plaintiffs in this action, the contents of which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 34.

35. The allegations set forth in Paragraph 35 refer to the contents of a video recording, which speak for themselves. Defendant denies all allegations that are inconsistent with or mischaracterize those contents, and otherwise denies the allegations set forth in Paragraph 35.

36. The allegations set forth in Paragraph 36 refer to the contents of a video recording, which speak for themselves. Defendant denies all allegations that are inconsistent with or mischaracterize those contents, and otherwise denies the allegations set forth in Paragraph 36.

37. The allegations set forth in Paragraph 37 refer to the contents of a video recording, which speak for themselves. Defendant denies all allegations that are inconsistent

with or mischaracterize those contents, and otherwise denies the allegations set forth in Paragraph 37.

38. Defendant admits that the Council received multiple submissions from Plaintiffs in this action, the contents of which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize those submissions, and otherwise denies the allegations set forth in Paragraph 38.

39. Defendant admits that the Council introduced Bill 103-21, a written document, the contents of which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize those contents, and otherwise denies the allegations set forth in Paragraph 39.

40. The allegations set forth in Paragraph 40 refer to a written document, the contents of which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize those contents, and otherwise denies the allegations set forth in Paragraph 40.

41. Defendant admits that the Council received multiple submissions and communications from Plaintiffs in this action, the contents of which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize those documents, and otherwise denies the allegations set forth in Paragraph 41.

42. The allegations set forth in Paragraph 42 refer to the contents of a video recording, which speak for themselves. Defendant denies all allegations that are inconsistent with or mischaracterize those contents, and otherwise denies the allegations set forth in Paragraph 42.

43. Defendant admits only that a Council meeting took place on December 14, 2021, at which time constituents spoke on various issues relating to redistricting.

44. Defendant admits that the Council received multiple submissions from County residents on December 20, 2021, the contents of which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize those submissions.

45. Defendant admits that the Council unanimously enacted Bill 103-21 on December 20, 2021, the contents of which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize Bill 103-21. The allegations set forth in Paragraph 45 also refer to the contents of a video recording of the December 20, 2021 meeting, which speak for themselves. Defendant denies all allegations that are inconsistent with or mischaracterize those contents, and otherwise denies the allegations set forth in Paragraph 45. The remaining allegations set forth in Paragraph 45 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

46. The allegations set forth in Paragraph 46 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

## Racially Polarized Voting in Baltimore County

47. The allegations set forth in Paragraph 47 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

48. The allegations set forth in Paragraph 48 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

49. The allegations set forth in Paragraph 49 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

50. The allegations set forth in Paragraph 50 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

51. The allegations set forth in Paragraph 51 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

52. Defendant admits the allegations set forth in Paragraph 52.

53. Defendant admits that no non-white candidate has been elected to the Council outside of District 4 because no non-white candidate has run for a seat on the County Council outside of District 4. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 53 and therefore denies them.

History and Continuing Effects of Race Discrimination in Baltimore County

54. The allegations set forth in Paragraph 54 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

55. The allegations set forth in Paragraph 55 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

56. Defendant admits that no non-white candidate has been elected to the Council outside of District 4 because no non-white candidate has run for a seat on the County Council outside District 4.

57. The allegations set forth in Paragraph 57 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

58. The allegations set forth in Paragraph 58 refer to the contents of a legal opinion, which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize that legal opinion.

59. The allegations set forth in Paragraph 59 refer to the contents of written documents, which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize those contents.

60. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 and therefore denies them.

61. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 and therefore denies them.

62. Defendant denies the allegations set forth in Paragraph 62.

63. The allegations set forth in Paragraph 63 refer to a written document, the contents of which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize those contents.

64. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 and therefore denies them.

65. Defendant admits that HUD funding was frozen in the 1970s. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 65 and therefore denies them.

66. Defendant denies the allegations set forth in Paragraph 66.

67. The allegations set forth in Paragraph 67 refer to a written document, the contents of which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize those contents.

68. The allegations set forth in Paragraph 68 refer to a written document, the contents of which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize those contents.

69. Defendant denies the allegations set forth in Paragraph 69.

70. Defendant admits that it does not own or operate public housing or low-income housing. Defendant denies the remaining allegations set forth in Paragraph 70.

71. Defendant denies the allegations set forth in Paragraph 71.

72. The allegations set forth in Paragraph 72 refer to written documents, the contents of which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize those contents.

73. The allegations set forth in Paragraph 73 refer to written documents, the contents of which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize those contents.

74. The allegations set forth in Paragraph 74 refer to written documents, the contents of which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize those contents and denies any remaining allegations set forth in Paragraph 74.

75. The allegations set forth in Paragraph 75 refer to written documents, the contents of which speak for themselves. Defendant denies any allegations that are inconsistent with or mischaracterize those contents.

76. The allegations set forth in Paragraph 76 refer to written documents, the contents of which speak for themselves. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 76 and therefore denies them.

77. The allegations set forth in Paragraph 77 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

78. The allegations set forth in Paragraph 78 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

## FIRST CAUSE OF ACTION

### Violation of Section 2 of the Voting Rights Act of 1965
### (All Plaintiffs against All Defendants)

79. Defendant realleges and incorporates herein by reference its answers to Paragraphs 1-78 of the Complaint.

80. The allegations set forth in Paragraph 80 state a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegations.

81. The allegations set forth in Paragraph 81 state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

82. The allegations set forth in Paragraph 82 state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

83. The allegations set forth in Paragraph 83 state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

## ANSWER TO "PRAYER FOR RELIEF"

Defendant denies that Plaintiffs are entitled to any relief, including but not limited to, the relief sought in subparts (A) through (D) under "Prayer for Relief."

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

Plaintiffs have failed, in whole or in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense

Defendant did not engage in certain of the acts or omissions that are the subject of the Complaint, and so cannot be held liable for them.

**Third Affirmative Defense**

The alleged conduct or omissions, if any, and injuries, if any, were the result of events, factors, occurrences, conditions, or third parties, which were in no way caused by Defendant and for which Defendant is not liable.

**Fourth Affirmative Defense**

Bill 103-21 meets all Constitutional requirements.

**Fifth Affirmative Defense**

Passage of Bill 103-21 is a legitimate, reasonable, and justifiable redistricting measure.

**Sixth Affirmative Defense**

Plaintiffs cannot establish the preconditions required to prove a Voting Rights Act claim under *Thornburg v. Gingles*, 478 U.S. 30 (1986).

**Seventh Affirmative Defense**

Plaintiffs cannot establish that Bill 103-21 causes vote dilution under the totality of the circumstances.

**Eighth Affirmative Defense**

Defendant reserves the right to add such other affirmative defenses as the course of discovery and investigation shall dictate.

**WHEREFORE**, Defendant Baltimore County, Maryland respectfully submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, denies any legal liability to Plaintiffs, asserts various affirmative defenses, and respectfully prays:

1. That the Court enter judgment in its favor;

2. That Plaintiffs have and recover nothing of Defendant and that Plaintiffs' claims be dismissed with prejudice; and

3.       That the Court order such other and further relief as the Court may deem just and proper.

Dated: January 31, 2022                      Respectfully submitted,

*/s/ Ava E. Lias-Booker*
Ava E. Lias-Booker (Fed. Bar No. 05022)
Melissa O. Martinez (Fed. Bar No. 28975)
**MCGUIREWOODS LLP**
500 E. Pratt Street, Suite 1000
Baltimore, Maryland 21202-3169
(410) 659-4400
(410) 659-4599 Fax
alias-booker@mcguirewoods.com
mmartinez@mcguirewoods.com

Kathryn M. Barber (Admitted *Pro Hac Vice*)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA  23219-391
(804) 775-1000
(804) 775-1061 Fax
kbarber@mcguirewoods.com

***Counsel for Defendant Baltimore County, Maryland***

14

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of January, 2022, a copy of the foregoing Defendant Baltimore County, Maryland's Answer and Affirmative Defenses to Plaintiffs' Complaint for Declaratory and Injunctive Relief was served via the Court's CM/ECF system upon all counsel of record.

                                                    */s/ Melissa O. Martinez*
                                                    Melissa O. Martinez