IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| BALTIMORE COUNTY BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BALTIMORE COUNTY, MARYLAND, *et al*., <br><br> Defendants. | Civil Action No. 1:21-cv-03232-LKG |

## BALTIMORE COUNTY'S STATUS REPORT

Defendant Baltimore County, Maryland ("Baltimore County" or the "County"), by its undersigned counsel and pursuant to this Court's Order of February 22, 2022, hereby submits a Status Report setting forth its views on how this matter should proceed.

1. This Court's February 22nd Memorandum Opinion and Order directed Baltimore County to file a new redistricting map by today, March 8, 2022, that created "*either* an additional majority-Black County District, *or* an additional County District in which Black voters otherwise have an opportunity to elect a representative of their choice." ECF 55 at 22-23.

2. The Court's Order also separately directed the parties to submit a Joint Status Report today, March 8, 2022, "setting forth their respective views on how this matter should proceed." ECF 55 at 23. Baltimore County had every intention of submitting such a joint report and provided its proposed draft of a joint report to Plaintiffs' counsel approximately 30 minutes

before the Plaintiffs unilaterally submitted their own status report (ECF 56).[1]  Because Plaintiffs filed a separate status report, Baltimore County submits its own as well.

3. The Court's Order did not direct the County to provide the new proposed map to the Plaintiffs before filing it with the Court.

4. Nor is it the Plaintiffs' role or prerogative to decide whether the proposed redistricting map the County submits complies with the Court's Order.

5. Indeed, the Court appropriately provided the County with the first opportunity to develop a new legislative redistricting map.  And now that the County has timely filed that new map, it is the Court—not Plaintiffs—that will decide whether to approve the map, "accord[ing] great deference to legislative judgments about the exact nature and scope of the proposed remedy." *McGhee v. Granville Cty., N.C.*, 860 F.2d 110, 115 (4th Cir. 1988).

6. Baltimore County has timely submitted its Motion for Approval of Proposed Redistricting Map and to Modify Preliminary Injunction.  That Motion sets forth the County's proposed legislative plan responding to the Court's Order granting the preliminary injunction.  That plan includes a proposed redistricting map that, as the accompanying expert declaration and supporting documentation shows, will provide Black voters an opportunity to elect a representative of their choice and that comports with the requirements of the Voting Rights Act, 52 U.S.C. §

---

[1] Plaintiffs omit this communication from their Exhibit A:  Plaintiffs and their counsel made no offer to review or otherwise participate in the redrawing process until the afternoon of Friday, March 4—11 days after the Court issued its Order and just two business days before the County was due to file its proposed redistricting map—calling counsel for the County while they were in an all-day deposition in another matter.  Not only do Plaintiffs not have any role to play in deciding whether the County's proposed plan complies with the Court's Order, but it is difficult for Baltimore County to view Plaintiffs' last-minute offer to participate as a good-faith one, given its timing.  Indeed, Plaintiffs' counsel sent his initial email that Saturday morning and called Baltimore County's lead counsel later in the evening of March 5, despite knowing that the County's lead counsel had family commitments throughout the weekend.

10301, and all other relevant constitutional and statutory requirements. The plan also sets forth the steps the Baltimore County Council must take to enact the new map into law should the Court approve it.

7. Should the Court approve the proposed map, Baltimore County proposes the following process to secure prompt passage and enactment of the redistricting plan:

    a. Baltimore County respectfully requests that the Court issue this order as soon as possible, to allow Baltimore County to go into an emergency session to introduce the requisite legislation to commence the Baltimore County Charter mandated two-week public comment period.

    b. Once the public comment period has passed, the Baltimore County Council can be called into an emergency session to enact the bill for the new redistricting law immediately.

    c. The two-week public comment period also will allow Plaintiffs, as they have requested, an opportunity to review the proposed map and provide comments or objections.[2]

---

[2] Plaintiffs' offer of their expert Dr. Barreto to review the proposed map in advance of its filing with the Court to ensure the "competency" of the Council's efforts in redrawing the map is both presumptuous and disingenuous. First, Plaintiffs persist in demanding a second majority black district even though the Court was careful not to mandate such a remedy. Thus, advance submission to Plaintiffs of a map that does not create a second majority black district would not avoid conflict or delay. Indeed, insistence on the creation of a second majority black district without adherence to traditional redistricting principles, as Plaintiffs have proceeded here, has been repeatedly rejected by the United States Supreme Court. *See Shaw v. Hunt*, 517 U.S. 899 (1996); *Miller v. Johnson*, 515 U.S. 900 (1995). Second, the lack of basis for the relief Plaintiffs request is underscored by Dr. Barreto's acknowledged lack of understanding of binding Fourth Circuit precent in *Lewis v. Alamance County*, 99 F.3d 600 (4th Cir. 1996) and *Collins v. City of Norfolk*, 883 F.2d 1232 (4th Cir. 1989). At the preliminary injunction hearing, Dr. Barreto admitted that he did not consider endogenous elections where the white candidates were the candidates of choice of black voters. Instead, he focused exclusively on elections between Black candidates and white candidates. ECF 54 at 71:16-19. His approach has long been rejected in the Fourth Circuit and,

8. Should the Court reject the proposed plan, Baltimore County reserves the right to note an appeal of the Court's Memorandum Opinion and Order granting Plaintiffs' Motion for Preliminary Injunction on or before March 24, 2022.

9. Baltimore County does not agree with the Plaintiffs' proposal for how this matter should proceed, though it does believe that the Court should reach a decision on Baltimore County's motion as quickly as possible. Again, it is not up to Plaintiffs to decide whether the proposed redistricting plan should be approved. It is up to the Court. And in making that decision, "the Court is required to defer to the defendant's remedial plan and evaluate only whether it is legally acceptable." *United States v. Vill. of Port Chester*, 704 F. Supp. 2d 411, 453 (S.D.N.Y. 2010). Baltimore County's submission today will permit the Court to make the necessary evaluation and reach the decision required.

Dated:  March 8, 2022

Respectfully submitted,

*/s/ Ava E. Lias-Booker*
Ava E. Lias-Booker (Fed. Bar No. 05022)
Melissa O. Martinez (Fed. Bar No. 28975)
**MCGUIREWOODS LLP**
500 E. Pratt Street, Suite 1000
Baltimore, Maryland 21202-3169
(410) 659-4400
(410) 659-4599 Fax
alias-booker@mcguirewoods.com
mmartinez@mcguirewoods.com

Kathryn M. Barber (Admitted *Pro Hac Vice*)
**MCGUIREWOODS LLP**
Gateway Plaza, 800 East Canal Street
Richmond, VA  23219-391
(804) 775-1000
(804) 775-1061 Fax
kbarber@mcguirewoods.com
**Counsel for Baltimore County, Maryland**

---

the County submits, renders his testimony unreliable on the issue of racial polarization. *See Lewis*, 99 F.3d at 605.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of March, 2022, a copy of the foregoing Status Report was served via the Court's CM/ECF system upon all counsel of record.

                                                 */s/ Melissa O. Martinez*
                                                 Melissa O. Martinez