**EXHIBIT B**

**DECLARATION OF MATTHEW A. BARRETO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# (Northern Division)

| | |
|---|---|
| BALTIMORE COUNTY BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BALTIMORE COUNTY, MARYLAND, *et al.*,<br><br>Defendants. | Civil Action No. LKG-21-03232 |

## THIRD DECLARATION OF MATT BARRETO, PH. D.

1. I have previously executed two declarations that were both submitted in this action. The first was executed on January 18, 2022 (ECF 28-3) and the second on February 7, 2022 (ECF 41-1). Additionally, I testified via Zoom on February 15, 2022 as part of the Court's hearing on Plaintiffs' Motion for Preliminary Injunction. Since then, I have reviewed Defendant Baltimore County's Motion for Approval of Proposed Redistricting Map and to Modify Preliminary Injunction (ECF 57), the accompanying proposed Councilmanic Redistricting Map (ECF 57-3), and the Supplemental Declaration of Dr. James G. Gimpel, Ph.D. (ECF 57-6).

2. As explained in my prior declarations, in this matter I have been working with Dr. Kassra Oskooii, tenured professor of Political Science at the University of Delaware.

3. On March 8, 2022, Baltimore County submitted a new map for consideration following the Court's finding that the redistricting plan it initially adopted violates the Voting Rights Act. However, this new map consisted of a PDF file and did not contain the necessary

shapefiles to allow an analysis. I asked counsel to communicate with Baltimore County and provide us with the shapefiles.

4. On March 9, 2022, I received shapefiles from Baltimore County that I was able to merge with election data, and then extract the list of election precincts assigned to each of the seven councilmanic districts by the new proposed map.

5. After having carefully reviewed the population demographics and the election results associated with the new map, my conclusion is that the County's revised map does not provide Black voters with a fair opportunity to elect candidates of their choice.

6. The population demographics in the new District 2 continue to keep the Black voting age population well below a majority (at 41%), while the white, non-Hispanic voting age population (46%) outnumbers the Black population. In maps submitted by the plaintiffs as part of their Motion for Preliminary Injunction, it was clear that two majority-Black VAP districts can be created in Baltimore County. The map offered by the County falls well short of this benchmark.

7. Beyond the population demographics, a far more important metric is performance analysis, which can determine if the amalgamation of precincts in Baltimore County's newly proposed District 2 will allow Black voters to elect candidates of their choice. Similar to the performance analysis we provided for the preliminary injunction hearing, Dr. Oskooii and I took the set of precincts which the County proposes in District 2 and evaluated critical elections in which Black candidates faced off against white candidates. Our conclusion is that from the standpoint of electability, the proposed map does not perform for Black voters' candidates of choice.

**Table 1: Performance analysis of elections with Black-preferred candidates**

|  | D1 | D2 | D4 |
|---|---|---|---|
| Hogan | 55.0% | 45.0% | 32.5% |
| Brown | 42.4% | 53.3% | 65.8% |
|  |  |  |  |
| Van Hollen | 51.6% | 57.2% | 36.9% |
| Edwards | 39.4% | 37.4% | 57.0% |
|  |  |  |  |
| Hogan | 54.6% | 50.2% | 36.3% |
| Jealous | 44.1% | 49.0% | 62.7% |

8. In particular, the proposed district does not give Black voters an opportunity to elect their candidates of choice in either one of the most recent elections: the 2016 Democratic primary election and the 2018 general election.[1] While the new district has increased the Black population in District 2, it has not increased it to the level needed to overcome white bloc in the area, and to allow Black voters to elect candidates of choice. Therefore, the Black population will very likely continue to see their preferred candidates lose out.

9. In contrast, the revised map proposed by Plaintiffs' expert William S. Cooper makes necessary changes to increase the Black voting age population, and our analysis suggests that it will create a district which gives Black voters the opportunity to elect candidates of their choice.

---

[1] "Courts have found recent elections to be the most probative" in determining if there has been a violation of Section 2 of the VRA. *U.S. V. Charleston County*, 316 F.Supp. 2d 268, n. 13 (D.S.C. 2003), aff'd 365 F.3d 341, 350 (4th Cir. 2004) *citing Ruiz v. City of Santa Maria,* 160 F.3d 543, 555 (9th Cir.1998); *Uno v. City of Holyoke,* 72 F.3d 973, 990 (1st Cir.1995); *Meek v. Metro. Dade County, Fla.,* 985 F.2d 1471, 1482–83 (11th Cir.1993).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Matt Barreto
Agoura Hills, California

Executed on March 10, 2022